UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HEATHER SMITH AS COURT APPOINTED GUARDIAN                    PLAINTIFF
ON BEHALF OF S.S., A MINOR

V.                                          CIVIL ACTION NO. 3:23-CV-588-HTW-ASH

MARCHENNE HATCHETT AND MADISON COUNTY                        DEFENDANTS
SCHOOL DISTRICT

ORDER

Plaintiff Heather Smith, as Court appointed Guardian, sued Marchenne Hatchett and the Madison County School District on behalf of S.S., a minor, in August 2023.[1] Smith alleges that Hatchett, then a coach and teacher at Old Town Middle School in Ridgeland, Mississippi, sexually assaulted S.S. on school property in February 2023. In September 2023, a Madison County jury convicted Hatchett of sexual battery based on S.S.'s allegations. Hatchett has appealed his conviction and now asks the Court to stay this case "while the criminal appeal on the same matter proceeds." Mot. [33] ¶ 4. Smith opposes Hatchett's motion. Hatchett failed to file a reply in support of his motion, and the time to do so under the local rules has now expired.

Hatchett cites Federal Rule of Civil Procedure 62(c) in his motion, but that rule governs stays of injunctions, receiverships, or patent accounting orders pending appeal. There is no pending appeal of an injunction, receivership, or patent accounting order here. Rule 62(c) does not apply.

The Court does have discretion "to stay civil litigation in deference to parallel criminal proceedings." *United States v. Simcho*, 326 F. App'x 791, 792 (5th Cir. 2009) (quoting

---

[1] Smith and the Madison County School District later resolved Smith's claims against that defendant. *See* Agreed Order of Dismissal [36].

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004)). But "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable" and "a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." *Id.* at 792–93 (first quoting *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 592 (5th Cir. 2008), then quoting *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr. E.D.N.Y. 1996)).

> Many district courts have applied the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant[] ha[s] been indicted; (3) the private interests of the plaintiff[] in proceeding expeditiously, weight against the prejudice to the plaintiff[] caused by the delay; (4) the private interests of and burden on the defendant[]; (5) the interests of the courts; and (6) the public interest.

*United States ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09-CV-324-HSO-JMR, 2010 WL 2816658, at *4 (S.D. Miss. July 16, 2010) (collecting cases). Hatchett provides no analysis of these factors, but the Court will consider them.

Hatchett was convicted of the very conduct that forms the basis of Smith's claims against him here, and his appeal of that conviction is pending. There is thus "significant and perhaps even complete overlap between the issue presented in this case and Defendant's criminal proceeding," which one district court found "weighs strongly in favor of staying the case." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 776 (W.D. Tex. 2016). But the fact that Hatchett has already been convicted lessens the self-incrimination danger present with parallel ongoing civil and criminal proceedings. Thus, while this Court agrees that this factor weighs in favor of staying the case, it is entitled to minimal weight here. Further, if Hatchett is concerned about incriminating himself in discovery, "it should be noted that a party may invoke the privilege against self-

incrimination in a civil proceeding." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012).

Turning to the second factor, the Court finds that the status of the criminal case—post-conviction and on appeal—is neutral at best. Nothing in the record before the Court demonstrates that Hatchett is likely to succeed on his appeal, and there is no indication of when the Mississippi appellate court may render a decision. As noted, Hatchett can protect his Fifth Amendment right for purposes of a future re-trial (if his conviction is reversed) by invoking it in discovery.

As to the interests of Plaintiff, Defendant, and the Court, Smith convincingly argues that an open-ended stay while Hatchett exhausts all appellate rights he may have "goes against her interest in the speedy resolution of her case." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008); *see id.* ("Plaintiffs have a legitimate interest in the expeditious resolution of their case." (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Merch., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995))). On the other hand, Hatchett has not "ma[d]e a specific showing of the harm [he] will suffer without a stay and why other methods of protecting [his] interests are insufficient." *Id.* at 764 (quoting *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)). And "the Court has an interest in moving its cases 'to an expeditious conclusion.'" *Id.* at 765 (quoting *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-CV-4105, 2006 WL 1064072, at *5 (S.D. Ill. Apr. 21, 2006) (quoting *Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993))). None of these factors support a stay.

Finally, "[t]he public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." *Id.* (quoting *In re CFS-Related Securities Fraud Litig.*, 256 F.

Supp. 2d 1227, 1242 (N.D. Okla. 2003)). Hatchett has not shown that the public interest would be served by a stay of this case.

Given all the foregoing, the Court finds insufficient grounds to stay this case while Hatchett's appeal of his criminal conviction plays out. The motion to stay [33] is therefore denied.

Because Hatchett filed his motion to stay in response to the Court's order giving him additional time to answer, confusion may persist about the current deadlines. In the interest of clarity, the Court orders Hatchett to file his signed answer to Smith's complaint by November 27, 2024. Hatchett must file his answer with the Clerk, U. S. District Court, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201.

**SO ORDERED AND ADJUDGED** this the 12th day of November, 2024.

                                          s/ *Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE