UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HEATHER SMITH, AS COURT APPOINTED GUARDIAN                    PLAINTIFF
OF AND ON BEHALF OF S.S., A MINOR

V.                                                    CIVIL ACTION NO. 3:23-CV-588-HTW-ASH

MARCHENNE HATCHETT                                                       DEFENDANT

ORDER

Plaintiff Heather Smith has filed a motion for a stay of all proceedings pending a ruling

on her motion for partial summary judgment, or, in the alternative, for a 30-day extension of the

deadline to respond to Defendant Marchenne Hatchett's three pending motions.[1] Mot. [69]. As

explained below, Smith's motion is granted in part and denied in part.

The decision whether to grant a stay "is within the court's discretion and a stay is

appropriate when it serves the interests of judicial economy and efficiency." *Shemper v. B.P.*

*Am., Inc.*, No. 2:10-CV-138-KS-MTP, 2010 WL 2867849, at *1 (S.D. Miss. July 19, 2010)

(quoting *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006)).

"When deciding whether a stay of the proceedings is appropriate, courts consider the following

factors: '1) hardship and inequity on the moving party without a stay; 2) prejudice the non-

moving party will suffer if a stay is granted; and 3) judicial economy.'" *Id.* (quoting *Falgoust v.*

*Microsoft Corp.*, No. 00-779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)). Considering

these factors, Smith has not shown a stay is appropriate.

---

[1] Hatchett filed a motion for default judgment [66], a motion for sanctions [67], and a motion to
compel [68] on August 21, 2025. Responses to those motions are due on or before September 4,
2025.

Smith says that responding to Hatchett's motions while awaiting a ruling on her motion for partial summary judgment "would impose unnecessary costs and burdens on the parties." Mot. [69] ¶ 6. But she describes Hatchett's motions as "frivolous and untimely," and the Court's cursory review of them indicates they are fairly straightforward. *Id.* ¶ 3. The costs and burdens of fully briefing three straightforward motions are minimal. And to the extent that Hatchett is entitled to any relief on any of his pending motions, a stay would prejudice him. The Court declines to stay proceedings pending a ruling on the motion for partial summary judgment.

As for Smith's request for additional time to respond to Hatchett's motions, the Court will grant it in part. But a 30-day extension is not warranted. Instead, the Court will give Smith an additional seven days—or until September 11, 2025—to respond to Hatchett's three motions. Because Hatchett receives service by mail and is incarcerated, the Court will also give him a seven-day extension for his replies (if any): Hatchett's replies in support of his motions should be filed on or before September 25, 2025.

In sum, Smith's motion is granted in part to the extent that her responses to Hatchett's three motions are now due on or before September 11, 2025. Her motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE