UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HEATHER SMITH, AS COURT APPOINTED GUARDIAN                                              PLAINTIFF
OF AND ON BEHALF OF S.S., A MINOR

V.                                                                                    CIVIL ACTION NO. 3:23-CV-588-HTW-ASH

MARCHENNE HATCHETT                                                                                       DEFENDANT

## ORDER

Pro se Defendant Marchenne Hatchett served interrogatories, requests for admissions, and requests for production on Plaintiff Heather Smith on March 31, 2025. Smith filed a notice of service of responses to the requests for admissions on May 9, 2025. But, according to Hatchett, as of August 18, 2025, Smith had not "responded to [the other] discovery request[s]." Mot. [68] at 2. So on August 21, 2025, he filed a motion to compel and for sanctions. Smith timely responded, indicating that although she "answered [Hatchett's] discovery requests" on May 9, "due to inadvertence on the part of [her] counsel and his staff, the [r]esponses to [i]nterrogatories and [r]equest[s] for [p]roduction w[ere] not sent to" Hatchett at that time. Resp. [80] ¶ 4. The docket reflects that Smith rectified that oversight by serving the balance of her discovery responses on September 12, 2025. Hatchett failed to file a reply in support of his motion to compel and for sanctions, and the time to do so under the local rules has now expired.

Given the unrebutted sequence of events outlined by Smith, the Court agrees with her that Hatchett's motion to compel is now moot, so it denies it as such.[1]

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] Hatchett's motion is also procedurally defective. Under Section 6.F.4 of the Case Management Order [17], "before a party may serve any discovery motion, counsel must first confer in good faith as required by [Rule] 37(a)(1)." If the attempt at informal resolution is not successful, "counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by [Rule] 16(b)(3)(B)(v)" prior to filing a discovery motion. CMO [17] § 6.F.4. While Hatchett's incarceration may have made a telephonic discovery conference with the Court difficult, Smith's response to the motion indicates that she "had not received any communication or attempt to confer in good faith at any point in time before [Hatchett] filed his *Motion*." Resp. [80] ¶ 3.

Additionally, Local Rule 7(b)(2)(C) provides that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Discovery in this case ended on August 6, 2025—more than two weeks before Hatchett filed his discovery motion. So to the extent Hatchett's motion was not moot, it would be due to be denied for failure to comply with Local Rule 7 and Section 6.F.4 of the Case Management Order.