**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **HEATHER SMITH, as Court Appointed Guardian of and on behalf of S.S., A MINOR** | **PLAINTIFF** |
| **vs.** | **CRIMINAL No. 3:23-CV-588-HTW-ASH** |
| **MARCHENNE HATCHETT; and MADISON COUNTY SCHOOL DISTRICT** | **DEFENDANTS** |

**ORDER**

BEFORE THIS COURT are two motions: (1) Plaintiff Heather Smith's ("Smith") Motion for Partial Summary Judgment [Docket No. 61]; and (2) Defendant Marchenne Hatchett's ("Hatchett") Motion for Default Judgment and Motion to Dismiss [Docket No. 66]. This court, having considered the motions, the responses, the rebuttals, the record, and the applicable law, finds as follows.

## I.     BACKGROUND

### A.  Factual Background

This litigation arises from a February 23, 2023, incident at Olde Towne Middle School in Ridgeland, Mississippi. At the time of the incident, Hatchett, age 46, served as a physical education teacher and coach for the Madison County School District. Video surveillance captured Hatchett escorting S.S., a fourteen-year-old female student, to a teachers' lounge. Once inside, Hatchett locked the door and compelled the minor to perform fellatio.

On September 18, 2023, a jury in the Circuit Court of Madison County, Mississippi, convicted Hatchett of one count of sexual battery in violation of Miss. Code Ann. § 97-3-95(2)[1]. Judge Steve Ratcliff subsequently sentenced Hatchett to thirty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve. He was also ordered to register as a sex offender[2]. On April 1, 2025, the Mississippi Court of Appeals affirmed this conviction. *Hatchett v. State*, 380 So. 3d 985 (Miss. Ct. App. 2025)[3].

### B.  Procedural Background

On September 13, 2023, Smith, as Court Appointed Guardian of and on behalf of S.S., a minor,  filed suit in the Circuit Court of Madison County, Mississippi against Hatchett and the Madison County School District, seeking damages for civil assault, intentional infliction of emotional distress, and violations of the Fourteenth[4] Amendment to the United States Constitution.

On September 13, 2023, the Madison County School District removed the case to this federal forum [Docket no. 1]. In its removal papers, the District pled that removal is proper because "[p]laintiff seeks relief for the District's alleged violations of minor S.S.'s right under 42 U.S.C. § 1983[5]. Subsequently, on October 12, 2023, Hatchett filed his joinder in the notice of removal [Docket no. 8]. On October 17, 2024, by Agreed Order signed by the attorneys for Madison County

---

[1] Miss. Code Ann. § 97-3-95(2) (2023) provides that "[e]very person who shall have sexual penetration with a child under the age of eighteen (18) years ... and the person is in a position of trust or authority over the child ... shall be guilty of sexual battery.

[2] Miss. Code Ann. § 45-33-25 (2023) requires any person residing in the state who has been convicted of a registrable offense, including sexual battery, to register with the Mississippi Department of Public Safety.

[3] Based on the current appellate record, Hatchett's counsel did not successfully petition the Mississippi Supreme Court for a writ of certiorari, and the Court of Appeals' decision stands as the final state-court adjudication of his criminal conviction.

[4] U.S. Const. amend. XIV, § 1 provides, in pertinent part, that "[no State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

School District and Smith [Docket no. 36], this Court dismissed Madison County School District from this litigation with prejudice.

On May 22, 2025, Smith filed the instant Motion for Partial Summary Judgment [Docket No. 61]. She argues that because a criminal jury found beyond a reasonable doubt that the alleged sexual battery occurred, this court should find Hatchett liable as a matter of law for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress, leaving only the issue of damages for trial. To date, Hatchett has filed no response in opposition.

On August 21, 2025, Hatchett filed a Motion for Default Judgment and Motion to Dismiss [Docket No. 66]. Hatchett, by way of his motions, argues that Smith failed to respond to Interrogatories and Requests for Production for over 120 days, thereby violating the discovery timelines established by Federal Rules of Civil Procedure 33[6]and 34[7]. Smith admits the delay resulted from "inadvertence on the part of Plaintiff's counsel and staff," but notes that she timely responded to Requests for Admissions and has since provided the outstanding discovery.

## II.    JURISDICTION

This court possesses subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331[8], as the Plaintiff asserts claims under 42 U.S.C. § 1983[9] for alleged constitutional violations.

---

[6] Fed. R. Civ. P. 33 requires a party to respond to interrogatories within 30 days of service.

[7] Fed. R. Civ. P. 34 requires a party to respond to requests for production within 30 days of service.

[8] 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States

[9] 42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under color of state law, subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

This court exercises supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367[10].

### III.    LEGAL STANDARDS

#### A. Summary Judgment

Federal Rule of Civil Procedure 56[11] mandates the entry of summary judgment "if the movant shows that no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. This standard applies with equal force to motions for partial summary judgment, which allow the Court to dispose of specific claims or defenses while leaving others for trial. *See* Fed. R. Civ. P. 56(a).

The Court does not sit to weigh the evidence or determine the truth of the matter; rather, its singular function is to discern whether a genuine issue exists for trial. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if its resolution might affect the outcome of the lawsuit under the governing law. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). If the moving party meets this burden, the non-movant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

---

[10] 28 U.S.C. § 1367(a) provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[11] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

### B.  Default and Involuntary Dismissal

Rule 55[12] of the Federal Rules of Civil Procedure governs the entry of default and default judgment. A default judgment is a drastic remedy that should be resorted to only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The rule applies primarily when a party "has failed to plead or otherwise defend" against a claim for affirmative relief. Fed. R. Civ. P. 55(a).

Rule 41(b)[7] provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice is an "extreme sanction" that deprives litigants of the opportunity to pursue their claim. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 357 (5th Cir. 2020). Consequently, the United States Court of Appeals for the Fifth Circuit has established a high bar for such dismissals, requiring a "clear record of delay or contumacious conduct by the plaintiff" and a finding that "lesser sanctions would not serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). The law favors a trial on the merits and seeks to avoid "draconian" outcomes for procedural lapses that do not rise to the level of stubborn resistance to authority. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### C.  Pro se Litigants

Hatchett is proceeding *pro se*. This court holds the pleadings of *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this court liberally construes their filings to discern any potential claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction,  however, does not require

---

[12] Fed. R. Civ. P. 55 outlines the procedure for obtaining a default judgment, distinguishing between entries by the clerk for certain sums and entries by the court for unliquidated amounts.

the court to invent arguments for the parties or ignore the requirements of the Federal Rules of Civil Procedure. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### IV.    DISCUSSION

#### A.  Smith's Motion for Partial Summary Judgment

Smith moves for summary judgment on the issue of Hatchett's liability for civil assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. She argues that Hatchett's conviction for sexual battery, affirmed on appeal, precludes him from denying the underlying acts and establishes his liability for these torts as a matter of law. This court agrees.

Hatchett did not testify at his criminal trial. He did not call any witnesses either.

The prosecution principally relied upon the testimony of Levi Robinson ("Robinson"), the Principal of the high school, who had interviewed Hatchett, learning that Hatchett was willing to admit that he had gone into the teacher's lounge with the minor victim.

Robinson also provided security footage, that showed two video angles of the layout of the building, the interior hallway, atrium, and exterior breezeway. The videos showed Hatchett and the minor's movements, but the video did not include the teacher's lounge.

The minor, identified at trial as "S.S.", also testified at trial on direct and cross examination. Although Hatchett's counsel at trial endeavored to impeach S.S.'s testimony on her use of marijuana edibles before the assault; because on the video she appeared willing to accompany him; because after the assault she did not make an immediate outcry to school officials, neither to her mother, nor to a janitor who was in the vicinity; because her outcry came only after she was sent to a rebab clinic for failing a drug test; because her testimony revealed several minor discrepancies, the Court of Appeals was impressed enough with her testimony to conclude, "But this does nothing

to substantially impeach the crux of her testimony: that she and Hatchett left his classroom and went to the teacher's lounge where she performed fellatio on him for approximately two minutes." *See Judgment of the Court of Appeals* and *Trial Transcript* [Docket nos. 64-3 and 64-4]. The minor clarified her testimony on her willingness to perform fellatio on Hatchett by proclaiming that she had told Hatchett she did not want to do what he was asking, but that Hatchett had assaulted her by putting his penis in her mouth.

Under Mississippi law, a final judgment of conviction in a criminal case is conclusive proof of the facts upon which that conviction was based in a subsequent civil action. *Jordan v. McKenna*, 573 So. 2d 1371, 1377 (Miss. 1990). In *Jordan*, the Mississippi Supreme Court explicitly held that a criminal conviction for a sexual offense, like rape or sexual battery, "precludes the defendant from relitigating those same issues in a later civil action for damages." *Id.* This principle serves the interests of judicial economy and prevents the inconsistency of a defendant being found guilty beyond a reasonable doubt in one forum while being allowed to deny those same acts in another.

The underlying criminal record in this matter affirms that Hatchett committed the felony crime of sexual battery upon S.S., a minor; therefore, no genuine dispute of material fact exists regarding his liability. Smith's motion is granted as to the issue of Hatchett's civil liability for sexual battery and the facts involved.

### B. Motion for Default Judgment and to Dismiss

Defendant Hatchett moves this court to enter a default judgment in his favor and to dismiss this lawsuit with prejudice, predicated upon Smith's failure to serve responses to Interrogatories and Requests for Production within the timeframe mandated by Federal Rules of Civil Procedure 33 and 34. Hatchett asserts that a delay of over 120 days warrants the ultimate sanction of dismissal.

This court first addresses the request for default judgment under Rule 55. Hatchett's reliance on this rule is misplaced. Rule 55 applies to a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Smith is the party seeking affirmative relief and is actively prosecuting this matter, as demonstrated by the filing of her Motion for Partial Summary Judgment [Docket No. 64]. Discovery delays, while problematic, do not constitute a failure to "defend" that would trigger Rule 55.

Turning to the request for involuntary dismissal, this court must determine whether the 120-day delay in discovery responses reflects a "clear record of delay or contumacious conduct." *McNeal*, 842 F.2d at 790. The Fifth Circuit consistently has held that dismissal with prejudice is a "draconian" remedy and a "remedy of last resort." *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In the matter *sub judice*, the delay was significant; however, Plaintiff's counsel has provided a credible explanation of "inadvertence" rather than "stubborn resistance to authority." *McNeal*, 842 F.2d at 792. Smith responded timely to Hatchett's Requests for Admissions [Docket No. 54], showing an ongoing commitment to the litigation process, and has cured the discovery deficiencies. The Fifth Circuit has held that where a party has complied with discovery before the court rules on a motion to dismiss, and where the delay did not cause "irretrievable prejudice" to the opposing party's ability to defend, the harsh sanction of dismissal is unwarranted. *See Specialized Pro. Servs., Inc. v. City of Madison*, 2024 WL 3251268, at *3 (5th Cir. July 1, 2024) (internal citations omitted).

No evidence in the record shows purposeful delay or "contumacious conduct" on the part of the minor Plaintiff. The law favors a trial on the merits. *Sun Bank of Ocala*, 874 F.2d at 276. Accordingly, this court denies Hatchett's motion for a default judgment and motion to dismiss.

## V.    CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant Marchenne Hatchett's Motion for Default Judgment and Motion to Dismiss [Docket No. 66] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff Heather Smith's Motion for Partial Summary Judgment [Docket No. 61] is **GRANTED** as to the liability of Defendant Marchenne Hatchett. A trial on the issue of damages shall be set by further order of this court.

**SO ORDERED**, this the 30th day of March, 2026.

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**